Recvd. 2-1-05

STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CRIMINAL ACTION
Docket No.   CR-04-0546

STATE OF MAINE

v.

OCTAVIO DEL VILLAR,
Defendant

DECISION AND ORDER
ON DEFENDANT'S
MOTION TO SUPPRESS

FEB 7 2005

The defendant is charged by indictment with attempted trafficking in scheduled W drugs (crack cocaine, cocaine base), 17-A M.R.S.A. §§ 152 and 1103(1-A)(A), Class C.

After his arrest the defendant was taken to an interview room at the Portland Police Department where he was questioned by Stephen Webster, an 18 year veteran police officer who has been assigned as a special agent to the Maine Drug Enforcement Agency for the past 5 years. He has had substantial in-service training including a multi-day interview school 4 or 5 years ago.

Del Villar was arrested by Webster's partner, but Webster was assigned to conduct the interview and used a standard interview room at police headquarters.

Webster introduced himself and stated why he was there. He described the defendant as speaking "broken English," that is, "he had an accent, but [the officer] was able to understand what he was saying" and that Del Villar understood Webster because "his responses were appropriate to the question."

Through counsel, the defendant has moved to suppress any in-custody statements made to Webster. As grounds, he cites that the defendant does not speak English, that he did not understand the rights explained to him and that he did not voluntarily or knowingly waive his right to remain silent. The only issue centers on the

defendant's understanding of his right to remain silent. There is no indication that Webster was coercive, abusive or otherwise acted inappropriately

Del Villar was not the first person of Hispanic origin interviewed by Webster. He told Del Villar that he could get an interpreter if he needed one.

At the hearing, Webster read from his *Miranda* card in a way that he said replicated the manner in which he recited his rights to the defendant: One sentence at a time; and as to each of his rights, Del Villar said that he understood and that he would answer questions. As he did this, it was the court's impression that he read them in a rote, monotone, matter-of-fact manner without any emphasis to increase the defendant's comprehension. Webster did not elaborate on the defendant's rights nor did he ask the defendant to state what he thought the rights meant, make any effort to further explain their meaning, or attempt to obtain a Spanish speaking member of the Portland Police Department.

Webster could have taken some of these extra steps, but an officer is not required to offer a detailed explanation of the rights to the defendant and the court does not find that he acted inappropriately or violated the defendant's rights in any way; however, the test is whether the defendant understood his rights and knowingly and voluntarily waived them. When an officer is questioning a suspect where there may be reason to believe that English is not his first language, it may be the better course to take extra precautions.

The defendant testified through the use of an interpreter. He came to the United states from the Dominican Republic when he was 16. He did not speak English. While he was living in New Jersey he attended high school and failed the two classes he took as well as a course in "English as a Second Language." He returned to the Dominican Republic for a year, but has been back in the United States for the past 7 years. He

2

stated that he "does not speak any English at all" and only "understands a little bit." He has never been arrested, has not heard of "5th Amendment rights" or the right to an attorney. He did recall that the officer read from a small card in English but he did not understand what was said. Although he has been in this country for 7 years (and in Maine for 2 years), he watches Spanish television, goes to the store, spends time at the mall and gets along through his girlfriend.

It is basic hornbook law that the State bears the burden of proof that the defendant knew his rights and voluntarily and intelligently waived them. It is the role of the court to assess the credibility of the witnesses.

When there is a direct conflict in the testimony of the witnesses, as here, and no cross examination that impeaches or reveals grounds to disbelieve either person, the court looks to other factors to determine the credibility and weight to be given to the testimony.

The State did not offer evidence of the underlying offense so the court is not aware of the circumstances surrounding the crime charged or the arrest; however, the court knows that Webster was not the arresting officer. Based on the testimony at the hearing, there was at least one other officer involved. The State could have called the arresting officer to describe the circumstances of the arrest, or perhaps an officer or other person who knows the circumstances of the alleged crime which may have shed light on whether or not Del Villar's conduct, or any spontaneous statements he may have made at the scene, were indicative of his ability to speak and/or understand English.

The court finds that the evidence is in balance and that a lack of supporting evidence for the State requires the court to find that the state has not carried its burden.

The clerk will make the following entry onto the docket as the Decision and Order of the court:

1. Defendant's Motion to Suppress is granted.

2. Any statements made by defendant during the interview with special agent Webster may not be introduced at trial during the State's case-in-chief.

SO ORDERED.

DATED: February 1, 2005

Thomas E. Delahanty II
Justice, Superior Court

4

STATE OF MAINE
  vs
OCTAVIO  DEL VILLAR
817 HIGHLAND AVE
SOUTH PORTLAND ME 04106

DOB: 11/20/1979
Attorney: RICHARD BERNE
          BERNE & LAFOND
          22 FREE STREET SUITE 4
          PORTLAND ME 04101-3900
          RETAINED 08/30/2004

Filing Document: INDICTMENT
Filing Date: 03/04/2004

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CR-2004-00546

## DOCKET RECORD

State's Attorney: LEA-ANNE SUTTON

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     01/09/2004 PORTLAND
Seq 8542   17-A  1103(1-A)(B)          Class C
   WEBSTER              / MDE

## Docket Events:

03/05/2004 FILING DOCUMENT -  INDICTMENT FILED ON 03/04/2004

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 03/04/2004

03/05/2004 TRANSFER -  BAIL AND PLEADING GRANTED ON 03/04/2004

03/15/2004 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 03/16/2004 @ 1:00

03/16/2004 TRANSFER -  BAIL AND PLEADING RECVD BY COURT ON 03/10/2004

           DOCKET RECORD RECEIVED FROM PORTLAND DISTRICT COURT # 04-326 FILED.
03/16/2004 BAIL BOND - $5,000.00 UNSECURED BAIL BOND FILED ON 03/10/2004

           Bail Amt:  $5,000
           Date Bailed: 01/09/2004

           ### Conditions of Bail:
           Refrain from possession or use of intoxicating liquor. Refrain from possession or use of any
           unlawful drugs.

           Not own, possess or use any firearm or dangerous weapon.

           Submit to random search and testing for alcohol, drugs, firearms, dangerous weapons upon
           reasonable suspicion of use or possession.
03/18/2004 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 03/16/2004
           PAUL A FRITZSCHE , JUSTICE
           Attorney: MATTHEW NICHOLS
           DA: LEA-ANNE SUTTON        Reporter: DONALD MITCHELL
           Defendant Present in Court

Printed on: 02/02/200

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT. 21 DAYS TO FILE MOTIONS. SAME BAIL CONTINUED. ATTY. NICHOLS STANDING IN FOR ATTY. WEBB.

                                           M. PURVES

03/18/2004 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/16/2004

03/22/2004 Party(s): OCTAVIO DEL VILLAR
ATTORNEY - RETAINED ENTERED ON 03/16/2004

Attorney: MATTHEW NICHOLS

03/31/2004 MOTION - MOTION FOR PROTECTIVE ORDER FILED BY STATE ON 03/29/2004

04/01/2004 MOTION - MOTION FOR PROTECTIVE ORDER GRANTED ON 03/31/2004
PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL

04/09/2004 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 11/29/2004

AMENDED. 11-30-04: BY AGREEMENT OF COUNSEL- THIS MOTION TO BE HEARD JUST PRIOR TO TRIAL. COURT GRANTS REQUEST FOR CONT. ON CONDITION THAT HEARING ON THIS MOTION DOES NOT DELAY TRIAL.

04/09/2004 OTHER FILING - OTHER DOCUMENT FILED ON 03/25/2004
MARIAH PURVES , ASSISTANT CLERK (ENTRY)
NOTICE TO PRODUCE TESTIMONY.

06/16/2004 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/15/2004
ROBERT E CROWLEY , JUSTICE
Attorney: JOHN WEBB
DA: ROBERT ELLIS         Reporter: DIANE MCMANUS
Defendant Not Present in Court

MOTION TO CONTINUE: GRANTED.

                                          M. PURVES

06/16/2004 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/15/2004

06/16/2004 MOTION - MOTION TO CONTINUE GRANTED ON 06/15/2004
ROBERT E CROWLEY , JUSTICE
COPY TO PARTIES/COUNSEL

08/04/2004 HEARING - MOTION TO REVOKE BAIL HELD ON 08/03/2004
PAUL A FRITZSCHE , JUSTICE
DA: ROBERT ELLIS         Reporter: JANETTE COOK
STATES MOTION TO REVOKE: GRANTED. SET FOR HEARING, ONE HOUR.

08/04/2004 MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 08/03/2004

08/04/2004 MOTION - MOTION TO REVOKE BAIL GRANTED ON 08/03/2004
PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL

08/31/2004 Party(s): OCTAVIO DEL VILLAR
ATTORNEY - RETAINED ENTERED ON 08/30/2004

Attorney: RICHARD BERNE

09/07/2004 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 09/03/2004
MARIAH PURVES , ASSISTANT CLERK (ENTRY)

09/09/2004 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/07/2004
ELLEN A GORMAN , JUSTICE

                          Printed on: 02/02/2005

COPY TO PARTIES/COUNSEL
09/09/2004 Party(s): OCTAVIO DEL VILLAR
ATTORNEY - WITHDRAWN ORDERED ON 09/07/2004

Attorney: MATTHEW NICHOLS
10/19/2004 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 10/13/2004
YUKO ITO CROCKER , ASSISTANT CLERK (ENTRY)
MONEY WAS ALREADY POSTED IN CR-04-1933 AND CONCURRENT. CONDITIONS/NOT TO    POSSESS ANY
ALCOHOLIC BEVERAGES OR ILLEGAL DRUGS AND DANGEROUS WEAPONS INCLUDING BUT NOT LIMITED TO
FIREARMS AND TO SUBMIT TO CHEMICAL TESTS AND SEARCHES OF THE DEFENDANT, THE VEHICLE AND
RESIDENCE AT ANY TIME AND WITHOUT PROIBABLE CAUSE TO DETERMINE IF HE HAS VIOLATED THIS
PROHIBITON.
10/20/2004 TRIAL - JURY TRIAL SCHEDULED FOR 11/05/2004 @ 8:30
JACQUELINE RYAN , ASSOCIATE CLERK
NOTICE TO PARTIES/COUNSEL
11/03/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/30/2004 @ 10:00
JACQUELINE RYAN , ASSOCIATE CLERK
NOTICE TO PARTIES/COUNSEL
11/03/2004 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 11/03/2004
JACQUELINE RYAN , ASSOCIATE CLERK
11/04/2004 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 11/03/2004

11/30/2004 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/25/2004

12/15/2004 TRIAL - JURY TRIAL NOT HELD ON 11/05/2004

12/15/2004 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 01/14/2005 @ 8:30
YUKO ITO CROCKER , ASSISTANT CLERK (ENTRY)
NOTICE TO PARTIES/COUNSEL
01/05/2005 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/03/2004
MARIAH PURVES , ASSISTANT CLERK (ENTRY)
01/06/2005 MOTION - MOTION TO CONTINUE GRANTED ON 01/05/2005
THOMAS E DELAHANTY II, JUSTICE
COPY TO PARTIES/COUNSEL. MOTION GRANTED. TO BE RESCHEDULED ON FIRST AVAILABLE TRIAL LIST
AFTER THE DECISION ON MOTION TO SUPPRESS HAS BEEN FILED.
M. PURVES
02/02/2005 MOTION - MOTION TO SUPPRESS GRANTED ON 02/01/2005
THOMAS E DELAHANTY II, JUSTICE
COPY TO PARTIES/COUNSEL. DEFENDANT'S MOTION TO SUPPRESS IS GRANTED. 2. ANY STATEMENTS MADE
BY DEFENDANT DURING THE INTERVIEW WITH SPECIAL AGENT WEBSTER MAY NOT BE INTRODUCED AT
TRIAL DURING THE STATE'S CASE-IN-CHIEF.

A TRUE COPY
ATTEST: _____
Clerk